**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ADRIAN OUTRIDGE,**

            **Plaintiff,**

**-vs-**                                       **Case No. 6:06-cv-1866-Orl-31UAM**

**QUALITY RECOVERY SERVICES, INC.,**
**CLIFTON TRUMAN, PENNY A. DUNN,**
**MILES PROPERTIES, INC., and**
**CHARMAINE HILL,**

            **Defendants.**

## ORDER

This matter comes before the Court on the Defendants' Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint (Doc. 49) and the response (Doc. 54) filed by the Plaintiff. In both the Third Amended Complaint and in his response, the Plaintiff never denies owing the original debt to Miles Properties, Inc. ("MPI") or asserts that he paid it. Rather, he admits that his objections to paying spring from MPI's having "charged off" the obligation in its internal accounting records. Not surprisingly, the Plaintiff has not produced any case law in support of the novel proposition that such an action on MPI's part would free him from the debt.

At various points in both documents, Outridge also makes it plain that the so-called "scheme" of which he complains is in essence simply the act of one entity collecting an obligation originally owed to another. For example, he explains that, as part of the scheme, "[t]he debt collector misrepresents themselves as being a collector for the Original creditor's interest, when

the debt collector is only collecting for its *own* interest." (Doc. 47 at 13) (emphasis in original). Plaintiff's fraud, extortion, and RICO claims all spring from this flawed premise.

The Plaintiff has also failed to comply with the requirements of the order dismissing his Second Amended Complaint. (Doc. 33 at 6). Though somewhat more comprehensible than his previous effort, Outridge's thirty-page, 146-paragraph Third Amended Complaint again runs afoul of Rule 8a. The Third Amended Complaint also does not comply with Rule 9(b), in that, among other things, the statements of the "circumstances constituting the fraud" are either not stated with particularity or do not describe fraudulent activity. Plaintiff also acknowledges that he never relied to his detriment on any of the alleged misrepresentations, which is fatal to any claim of fraud.[1] The Plaintiff was warned that the filing of a complaint with the deficiencies addressed in the previous order could result in dismissal with prejudice. (Doc. 33 at 6).

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss with Prejudice Plaintiff's Third Amended Complaint (Doc. 49) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**, all pending motions are **DENIED AS MOOT**, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 10, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] The case relied upon by the Plaintiff for the proposition that detrimental reliance by others is sufficient to support a fraud claim actually states just the opposite. *See Summit Props., Inc. v. Hoechst Celanese Corp.*, 214 F.3d 556 (5th Cir. 2000) (affirming dismissal of civil RICO fraud claims against manufacturers of defective products because plaintiffs did not rely on manufacturers' alleged misrepresentations of product quality).

Copies furnished to:

Counsel of Record
Unrepresented Party